Not only was the testimony by plaintiffs' interested witnesses concerning previous fires on this lot contradicted, there was no proof that the defendant was made aware of the occurrence of these fires, if indeed they did occur. Moreover, there was no evidence of previous injuries resulting from fires, or otherwise, on this lot such as would impose upon defendant a duty to safeguard against unsafe or dangerous conditions. ¶ Plaintiffs' reliance on *Caldwell v Village of Is. Park* (304 NY 268) and *Nicholson v Board of Educ.* (36 NY2d 798) is misplaced. In both of those cases, defendants had actual knowledge of criminal and patently dangerous activities (the explosion of fireworks and firecrackers) taking place on its public beach and schoolyard premises and failed to take preventive measures to maintain the facilities in a reasonably safe condition, while continuing to invite the public to use the areas. No such parallel exists here. ¶ Even if the evidence established the existence of a duty owed to these plaintiffs in respect to maintenance of this lot by the city, the plaintiffs' injuries were not the result of a breach of that duty. Put differently, such breach was not a "proximate cause" of the injury. In order that liability flow from the breach, the defendant's act or omission must have been "a substantial cause of the events which produced the injury". (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315.) Here, the intervening acts, not reasonably foreseeable, by the unidentified youth, the asportation of the flammable substance to the lot and the igniting thereof, were the proximate cause of the injury. The city-owned lot and its condition were merely "the location and the occasion of the accident, not its cause" (*Cohan v Milano,* 79 AD2d 579, 580, affd 55 NY2d 926). While the activities that resulted in injury to plaintiffs occurred upon defendant's premises those injuries did not flow from any negligence of defendant. (*Cohan v Milano, supra*). Thus, defendant's liability was not established as a matter of law. Concur — Murphy, P. J., Kupferman, Sandler, Ross and Alexander, JJ.

■ DAVID WAGNER et al., Respondents-Appellants, v ELI HADDAD CORP., Appellant-Respondent. — Orders, Supreme Court, New York County (Allen Myers, J.), entered on February 7, 1983, and May 31, 1983, respectively, unanimously affirmed. In affirming as we do, we merely agree that the order granting a temporary injunction was properly granted and all factual issues are to be delineated at trial. Plaintiffs-respondents-appellants shall recover of defendant-appellant-respondent one bill of $75 costs and disbursements of these appeals. The appeal from the order of said court entered on March 2, 1983 is unanimously dismissed, without costs and without disbursements, as having been superseded by the appeal from the order entered on May 31, 1983. No opinion. Concur — Murphy, P. J., Asch, Bloom, Fein and Alexander, JJ.

■ ESTELLE FLANEL, Respondent, v SAM FLANEL, Appellant. — Orders, Supreme Court, Bronx County (Alfred Callahan, J.), entered on or about: January 24, 1983, March 14, 1983, and August 12, 1983, respectively, and order of said court (Anthony Mercorella, J.), entered on or about February 22, 1983, unanimously affirmed, without costs and without disbursements. Appeal from order of said court (Alfred Callahan, J.), entered on or about May 16, 1983, unanimously dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — Kupferman, J. P., Sandler, Sullivan and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS AMARO, Appellant. — Judgment, Supreme Court, Bronx County (Howard Goldfluss, J.), rendered on April 14, 1982, unanimously affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this

record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON MARSHALL, Appellant. — Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on July 10, 1980, unanimously affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Milonas, JJ.

■ GDJS CORP. et al., Appellants, v 917 PROPERTIES INC., Respondent. — Judgment, Supreme Court, New York County (David Boehm, J.), entered December 16, 1983, dismissing the complaint following a nonjury trial and canceling the *lis pendens,* reversed, on the law and on the facts, with costs and disbursements, to grant judgment to plaintiffs on the first cause of action in the sum of $50,000, with interest thereon from February 19, 1982, and judgment on liability on the second cause of action, and the matter remanded to Supreme Court for an assessment of damages. ¶ The action was brought to recover a down payment of $50,000 and resulting damages for defendant's breach of a contract to sell premises at 1850 and 1852 Second Avenue, in Manhattan. GDJS Corp. is the nominee of plaintiff 1850 Second Avenue Associates, a limited partnership formed to rehabilitate and develop the property into a co-operative apartment building. The contract, entered into December 15, 1981, provided for title closing to take place "on February 15, 1982 or sooner at option of purchaser" and, after a discussion on that issue, did not provide that "time was of the essence." ¶ Following execution of the contract, plaintiffs prepared necessary papers to be submitted to the Attorney-General, retained an architect to draw plans and ordered a title report. One week prior to the law day, when defendant advised that it would be ready to close on February 16 since February 15 was a holiday, plaintiffs' attorney responded in writing and orally that additional time was needed to obtain the Attorney-General's approval of the prospectus, necessary before the limited partnership interests could be sold to finance the deal. Counsel suggested an adjournment to March 15, 1982. There followed a series of conversations between counsel, defendant substantially agreeing to a one-week adjournment, conditioned upon plaintiffs increasing the down payment and/or obtaining a "bridge loan." While plaintiffs refused to make a further deposit, they did attempt to obtain such a loan through the limited partnership's selling agent. On the afternoon of February 16, when plaintiffs advised of their progress in securing financing, stated it would be impossible to close the following week, defendant insisted that the closing be held on that very day. Following another request by plaintiffs that the closing be scheduled for March 15, on February 19, 1982, defendant declared plaintiffs in default for the failure to proceed to closing on February 16. ¶ In equity actions for specific performance, time is not of the essence unless it affirmatively appears that the parties required the time of performances as a material consideration (*Schmidt v Reed,* 132 NY 108, 113; *Lusker v Tannen,* 90 AD2d 118, 124). However, in an action at law to recover the down payment or for damages upon breach of an agreement, it is generally held that the time for performance stipulated in the contract is of the essence unless a contrary intent appears, either from the agreement or the conduct of the parties (*Kaufman v Brennan,* 123 App Div 516, 518; *Lusker v Tannen, supra,* at p 124). Thus, in such an action, the specification in the contract of a date for closing, without more, made time of the essence.